UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA L. PALMER,

                Plaintiff,

vs.

SPRINT SOLUTIONS, INC.,

                Defendant.

Case No. C09-1211 JLR

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Sandra L. Palmer, individually and as class representative for a National Class of similarly situated individuals and a Washington State Class of similarly situated individuals, alleges as follows:

## I. PARTIES, JURISDICTION, VENUE

1.1. Defendant Sprint Solutions, Inc. (Sprint Solutions) is a corporation with its principle offices in Overland Park, Kansas.

1.2. Plaintiff Sandra L. Palmer, at all pertinent times, was a resident of Olympia, Washington and the owner of two telephones, one cellular telephone and one residence phone, on which she receives calls, including those which are the subject of this complaint.

1.3. The calls in question were received on plaintiff Palmer's cellular and residence telephones in Olympia, Washington.

1.4. Venue and Jurisdiction are proper under RCW 4.12.020, RCW 2.08.010, and Washington Constitution Art. 4, §6.

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 1
(C09-1211 JLR)

WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

## II. FACTS

2.1 On numerous occasions beginning on or about March 26, 2007 and continuing for several weeks after said date, defendant placed calls to plaintiff's cellular and residence telephone numbers.

2.2. The calls consisted of a pre-recorded message delivered by an automatic dialing and announcing device ("ADAD"). The pre-recorded message identified itself as being from Sprint Nextel Cellular, and was for the purpose of commercial solicitation, soliciting plaintiff to purchase additional lines for her cellular telephone.

2.3. Upon information and belief, defendant placed hundreds or more substantially similar telephone calls to the telephones of persons in Washington State, including persons in King County and Thurston County, and to persons in other states.

2.4. Upon information and belief, defendant intends to continue to send messages to the telephones of persons in Washington State and other states.

## III. CAUSES OF ACTION

3.1. Plaintiff realleges the foregoing paragraphs as if fully stated herein. The following causes of action are, to the extent necessary, stated in the alternative.

**Count A. Violation 47 U.S.C. 227(b)(1)(A)(iii) and (B) (National Class)**

3.2. Defendant has violated 47 U.S.C. 227(b)(1)(A)(iii) and (B).

3.3. As a result of said conduct, plaintiff and members of the National Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining defendant's unlawful conduct, as well as incidental statutory or other damages.

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF - 2
(C09-1211 JLR)

WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

### Count B.  Violation of RCW 80.36.400 (Washington State Class)

3.4.  Defendant has violated RCW 80.36.400.

3.5.  As a result of said conduct, plaintiff and members of the Washington State Class have sustained damages. Plaintiff and all members of said Class are entitled to injunctive relief enjoining defendant's unlawful conduct, as well as incidental statutory or other damages.

### Count C.  Violation of RCW 19.86 (Washington State Class)

3.6.  Under RCW 80.36.400(3), defendant's violation of RCW 80.36.400 constitutes a violation of RCW 19.86, et seq., the Washington Consumer Protection Act ("CPA").

3.7.  As a result of said conduct, plaintiff and members of the Washington State Class have sustained damages.  Under the CPA, plaintiff and all members of said Class are entitled to injunctive relief enjoining defendant's unlawful conduct, as well as incidental and statutory damages and treble that amount as determined by law, and costs of suit and attorney's fees.

### Count D.  Declaratory Relief Under The Washington Declaratory Judgment Act (RCW 7.24.010) (Washington State Class)

3.8.  Defendant used an automated dialing and announcement device to send a prerecorded message to the telephones of persons in Washington.

3.9.  Plaintiff and the Washington State Class are entitled to have their rights, status and legal relations relating to defendant's use of an automatic dialing and announcing device established by this Court.

### IV. CLASS ACTION ALLEGATIONS

4.1.  Plaintiff realleges the foregoing paragraphs as if fully stated herein.

4.2.  This class action is brought and may be maintained pursuant to CR 23(b)(2) and (b)(3). Plaintiff seeks to represent two Classes comprised of:

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 3
(C09-1211 JLR)

WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

All persons who received a prerecorded telephone message on their telephone from defendant sent by automatic dialing machine ("National Class"), at any time for the period that begins 4 years from the date of this complaint to trial; and

All Washington persons who received a prerecorded telephone message on their telephone from defendant sent by automatic dialing machine ("State Class"), at any time for the period that begins 4 years from the date of this complaint to trial.

4.3.  **Numerosity.**  The Classes are each so numerous that joinder of all members is impracticable.  Upon information and belief the Classes each far exceed 1,000.

4.4.  **Common Questions of Law and Fact.**  The questions of law and fact are the same for all class members, including whether the defendant's conduct violated 47 U.S.C. 227(b)(1)(A)(iii) and (B).

4.5.  **The Plaintiff's Claims are Typical of the Classes.**  Plaintiff's claims are typical of the Classes in that they arise from defendant's repeated violation of 47 U.S.C. 227(b)(1)(A)(iii) and (B) and RCW 80.36.400, and the CPA as to plaintiff and all other class members.

4.6.  **The Plaintiff Will Fairly and Adequately Protect Classes.**  Plaintiff will adequately represent and protect the interests of the Classes because she has retained competent and experienced counsel and her interests in the litigation are not antagonistic to the other members of the Classes.

4.7.  **A Class Action is Maintainable Under CR 23(b)(3).**  The questions of law and fact common to all members of the Classes predominate over questions affecting only individual members of the Classes, because all members of the Classes were subjected to defendant's unlawful use of one or more ADADs.  The prosecution of separate actions by individual members of the Classes against defendant would create the risk of inconsistent or varying

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 4
(C09-1211 JLR)

WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

adjudications and incompatible standards of treatment. On information and belief, there are no other pending class actions concerning these issues. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the Class' claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

4.8.   **A Class Action is Maintainable Under CR 23(b)(2).** Defendant has acted on grounds generally applicable to plaintiff and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.

## V. PRAYER FOR RELIEF

WHEREFORE, the plaintiff, on behalf of herself and the Classes of similarly situated individuals, respectfully requests that the Court enter judgment in her favor and in favor of the classes for:

A.   Certification of the Classes pursuant to CR 23(b)(2) and CR 23(b)(3);

B.   Granting declaratory, equitable, and/or injunctive relief as permitted by law to ensure that defendant will not continue to use automatic dialing and announcement devices to send messages to telephone subscribers;

C.   Judgment against defendant for incidental statutory damages of $500.00 per message sent to plaintiff and each member of the Classes, and other damages are permitted under federal and state law;

D.   Any other or further relief which the Court deems fair and equitable.

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 5
(C09-1211 JLR)

WILLIAMSON
& WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

1  DATED this 1st day of September, 2009.

WILLIAMSON & WILLIAMS

By _____
Kim Williams, WSBA # 9077
Rob Williamson, WSBA #11387

*Attorneys for Plaintiff and the Proposed Classes*

AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF - 6
(C09-1211 JLR)

WILLIAMSON & WILLIAMS
187 PARFITT WAY SW
SUITE 250
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com