# EXHIBIT A

THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA L. PALMER,

             Plaintiff,

    v.

SPRINT SOLUTIONS, INC.

             Defendant.

No. 09-cv-01211 JLR

**SETTLEMENT AGREEMENT**

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

59113-0070/LEGAL19964421.3

## **TABLE OF CONTENTS**

I.  DEFINITIONS ................................................................................................ 1

II.  RECITALS ................................................................................................ 8

III.  SETTLEMENT PURPOSES ONLY ................................................... 11

IV.  COMMON FUND AND IDENTIFICATION MESSAGE REVISION ...................... 11

V.  RELEASED CLAIMS ..................................................................... 12

VI.  PRELIMINARY APPROVAL AND SCHEDULING ORDER .................... 13

VII.  NOTICE PROCEDURES AND CLASS MEMBER EXCLUSION .................... 14

VIII.  OBJECTING TO THE SETTLEMENT .............................................. 15

IX.  FINAL SETTLEMENT HEARING AND JUDGMENT ............................. 16

X.  CLAIMS PROCEDURES ................................................................. 18

XI.  TERMINATION RIGHT .................................................................. 21

XII.  MISCELLANEOUS PROVISIONS ................................................... 22

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**WHEREAS** Plaintiff Sandra L. Palmer ("Plaintiff") has filed this Action on behalf of herself and as representative of the Classes as defined below, and Defendant Sprint Solutions, Inc. ("Defendant" or "Sprint") denies each and every allegation and all charges of wrongdoing or liability of any kind whatsoever asserted or which could have been asserted in this Action; and

**WHEREAS** Plaintiff and Defendant have agreed to a compromise of all claims that have been or could have been asserted in this Action;

**NOW, THEREFORE,** Plaintiff and Defendant enter into this Settlement Agreement, subject to approval by the Court and entry of a Final Order and Judgment directing implementation of the terms and conditions of this Settlement Agreement.

## I.   DEFINITIONS

**1.1**   **"Accounting"** means a detailed written account that the Claims Administrator shall maintain at all times to reflect, separately for each sub-account that may be established and in the aggregate: (1) the principal amount that Sprint deposits into the Common Fund; (2) any interest earned on the Common Fund; (3) the authorized fees and expenses (including legal expenses and claims administration fees) paid, assessed, or debited pursuant to this Settlement Agreement; (4) the amounts transferred or disbursed from the Common Fund as described in Section X; (5) the total number of claims submitted; and (6) the total amount of valid claims.

**1.2**   **"Action"** means the civil action *Sandra L. Palmer v. Sprint Solutions, Inc.*, Case No. 09-cv-01211 JLR, which is now pending in the U.S. District Court for the Western District of Washington in front of the Honorable James L. Robart.

**1.3**   **"Attorneys' Fees and Costs Award"** means the amount of attorneys' fees, litigation expenses, and costs awarded by the Court to Class Counsel out of the Common Fund in response to a motion by Class Counsel for attorneys' fees, expenses, and costs.  This award is

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

59113-0070/LEGAL19964421.3

included under the Common Fund, is not a separate award, and shall not exceed 30% of the Common Fund.

**1.4** **"Automatic Dialing and Announcing Device"** means the same device as defined under RCW 80.36.400(1)(a), which is a device that automatically dials telephone numbers and plays a recorded message once a connection is made.

**1.5** **"CAFA Notification"** means the notification of this proposed class action settlement required under the Class Action Fairness Act, 28 U.S.C. §§ 1715(a)(1)-(2), (b).

**1.6** **"Claim Form and Release"** or **"Claim Form"** means the form materially identical to the attached Exhibit 1.

**1.7** **"Claims Administration Costs"** means those costs reasonably necessary to administer claims and effect the Claims Procedure.

**1.8** **"Claims Administrator"** means the Garden City Group, which was selected by the Parties (defined below) to administer the Notice Procedures and the Claims Procedures in Sections VII and X below.

**1.9** **"Claims Deadline"** means 30 days after the date set by the Court for the Final Settlement Hearing when the Court enters the Preliminary Approval and Scheduling Order.

**1.10** **"Claims Procedures"** means the procedures in Section X below.

**1.11** **"Class"** or **"Classes"** means and includes the three subclasses specified below:

    a.    Individual, non-government, and non-business Sprint customers from July 23, 2005 to the date the Court grants preliminary approval of this settlement who, while Sprint customers, resided in Washington State and received from Sprint directly or from its agents one or more commercial telephone solicitations that used an automatic dialing and announcing device.  This subclass does not include Sprint employees.

    b.    Individual, non-government, and non-business Sprint customers from July 23, 2005 to the date the Court grants preliminary approval of this settlement who, while Sprint customers, resided in Washington State and received from Sprint directly or from its agents one or more commercial telephone solicitations less than one year after advising

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

59113-0070/LEGAL19964421.3

Sprint or its agent that he or she did not wish to be called again by Sprint. This subclass does not include Sprint employees.

c.   Individual, non-government, and non-business Sprint customers from July 23, 2005 to the date the Court grants preliminary approval of this settlement who, while Sprint customers, resided in the United States and received from Sprint directly or from its agents one or more commercial telephone solicitations more than 30 days after making a Sprint-specific internal Do Not Call request by advising Sprint or its agent that he or she did not wish to be called again by Sprint. This subclass does not include Sprint employees.

**1.12** **"Class Claimant"** or **"Class Claimants"** means a member or members of the Classes who did not timely and validly request exclusion from the Classes and who file(s) a properly completed and signed Claim Form either online or postmarked no later than the Claims Deadline.

**1.13** **"Class Counsel"** means the law firm of Williamson & Williams.

**1.14** **"Class Exclusion"** means the process described in paragraph 7.4.

**1.15** **"Class Member"** or **"Member of the Class"** means a Person within one or more of the Classes.

**1.16** **"Class Representative"** means Plaintiff Sandra L. Palmer in her individual capacity, as Class Representative, and as a Class Member. Ms. Palmer alleges that she is a member of all three Classes as defined in paragraph 1.10.

**1.17** **"Commercial Solicitation"** means the unsolicited initiation of a telephone conversation for the purpose of encouraging a person to purchase property, goods, or services.

**1.18** **"Common Fund"** means the amount described in Section IV below.

**1.19** **"Complaint"** means the Amended Complaint for Damages, Injunctive, and Declaratory Relief, Docket No. 10, filed in this Action on September 2, 2009.

**1.20** **"Court"** means the U.S. District Court for the Western District of Washington.

**1.21** **"Court Disapproval"** means that the Court in this Action or any other court on appeal (a) disapproves, sets aside, or modifies this Settlement Agreement; (b) declines for any

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

59113-0070/LEGAL19964421.3

reason to enter or give effect to the Preliminary Approval and Scheduling Order or the Judgment and Order of Final Approval; or (c) holds that the Judgment and Order of Final Approval or any related judgment should be overturned or modified in any material way.

1.22    **"Cy Pres Fund"** means any amount remaining in the Common Fund after the payments described in Section X below, payments for class action administration, class notice, class representative payment, and attorneys' fees and costs as approved and awarded by the Court are made.

1.23    **"Defendant"** or **"Sprint"** means Sprint Solutions, Inc. and any of its Related Parties, which are the past, present, and future directors, officers, employees, partners, principals, agents, shareholders, attorneys, accountants, auditors, advisors, consultants, personal or legal representatives, tenants, households, predecessors, successors, parents, subsidiaries, affiliates, divisions, joint ventures, heirs, assigns, or related or affiliated entities of Sprint Solutions, Inc, including Sprint Nextel Corporation and all its direct or indirect operating subsidiaries, and all other subsidiaries, and its affiliates offering Sprint Nextel wireless service under a brand owned directly or indirectly by Sprint Nextel Corporation, offering wireless service in the United States.

1.24    **"Defendant's Counsel"** means the law firm of Perkins Coie LLP.

1.25    **"Effective Date"** means the date by which all of the following have occurred:

    a.    The Parties have agreed upon the Settlement Agreement;

    b.    The Parties have submitted to the Court and the Court has entered the following: (a) the Preliminary Approval and Scheduling Order materially identical to the attached Exhibit 2, and (b) the Judgment and Order of Final Approval materially identical to the attached Exhibit 3;

    c.    The Parties have not exercised the Termination Right in Section XI below; and

    d.    The Judgment has become final and is no longer subject to appeal or review, which shall be deemed to occur on the later of the following: (i) if no appeal or other form of appellate review of the Judgment has been sought by any Person, the thirty-first day after the time for the filing of the notice of appeal has commenced to run under Fed. R. App. Pro. 3, taking

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 4

59113-0070/LEGAL19964421.3

into consideration the making of any post-judgment motions and the granting of any extensions of time to make the same under Fed. R. Civ. Proc. 60(c); or (ii) if an appeal or other form of appellate review is sought from the Judgment, five days after the date on which the affirmance of such Judgment, or the dismissal, reversal or denial of such appeal or review, has become no longer subject to further judicial review, whether by re-hearing, re-hearing en banc, writ of certiorari, writ of mandamus, writ of prohibition, reconsideration, petition for review, or otherwise.

1.26   **"Escrow Account"** means an interest-bearing trust account designated by the Claims Administrator to hold the Common Fund as described in paragraph 4.1.

1.27   **"Final Settlement Hearing"** means the court hearing scheduled under the Preliminary Approval and Scheduling Order to consider the final approval of this Settlement Agreement and entry of the Judgment and Order of Final Approval.

1.28   **"Instructions for Claim Form and Release"** or **"Instructions"** means the instructions which will appear on the Claim Form and Release, which is attached as Exhibit 1.

1.29   **"Internal Do-Not-Call List"** means the Sprint-specific do-not-call list that tracks customers and non-customers who have asked Sprint not to call them for telemarketing purposes.

1.30   **"Judgment and Order of Final Approval"** or **"Judgment"** means a judgment materially identical to the attached Exhibit 3 and as described in Section IX below.

1.31   **"Notice of Class Action Settlement and Fairness Hearing"** means the short form notice materially identical to the attached Exhibit 4 and the long form notice materially identical to the attached Exhibit 5 and as described in Section VII below.

1.32   **"Notice Procedures"** means the procedures in Section VII below.

1.33   **"Objection Deadline"** is 30 days before the Final Settlement Hearing.

1.34   **"Palmer"** or **"Ms. Palmer"** means Sandra L. Palmer, the plaintiff in the Action, who is also the Class Representative.

1.35   **"Party"** or **"Parties"** mean, individually and collectively, the Class Representative, Class Members, Class Counsel, Defendant, and Defendant's Counsel.

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 5

1.36   **"Payment to the Class Representative"** means a single payment of $20,000 from the Common Fund to the Class Representative.

1.37   **"Payment Protocol"** means the criteria developed by the Parties regarding Class Member eligibility for payments from the Common Fund and the rules by which the Claims Administrator will administer and make payments from the Common Fund, as set forth in Exhibit 7.

1.38   **"Person"** means an individual, corporation (including all divisions and subsidiaries thereof), partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and the spouses, heirs, predecessors, successors, representatives, or assigns of any of them.

1.39   **"Preliminary Approval and Scheduling Order"** means a court order materially identical to the attached Exhibit 2 and discussed in Section VI.

1.40   **"Pre-recorded Identification Message"** means a pre-recorded message played by Sprint or its agent to identify Sprint as the party making a telemarketing call when it dials or dialed a telephone number and a person answered the call, but Sprint or its agent is or was unable to connect the call to a live telemarketing agent within two seconds of the recipient answering the call. Federal regulations require Sprint or its agent to play this message under these circumstances. The substance of this message is: "Hi, this is a message from Sprint Nextel. We attempted to contact you for telemarketing purposes. You may contact us regarding this call, or if you don't wish to be contacted in the future, at 1-866-463-3021. Thank you."

1.41   **"Related Party"** and **"Related Parties"** means, individually and collectively, the past, present and future directors, officers, employees, partners, principals, agents, shareholders, attorneys, accountants, auditors, advisors, consultants, personal or legal representatives, tenants, households, predecessors, successors, parents, subsidiaries, affiliates, divisions, joint ventures, heirs, assigns and/or related or affiliated entities of any Party.

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**1.42** **"Released Claims"** means any and all claims (including Unknown Claims as defined in paragraph 1.47 below), causes of action, rights, liabilities, complaints before or to a regulatory or governmental body, suits, and obligations of every nature, kind or description whatsoever regardless of upon what legal theory based, and regardless of whether grounded in common law, statute, administrative rule or regulation, tariff, contract, tort, equity or otherwise, related to claims or causes of action arising out of the delivery of pre-recorded commercial solicitation messages; the use of automatic dialing and announcing devices, predictive dialers, or automatic telephone dialing systems; the placing or delivery of telephone solicitations; or the maintenance of an internal Do Not Call list under the Washington Automatic Dialing and Announcing Device statute, the Washington Telephone Solicitation Statute, the Washington Consumer Protection Act, the federal Telephone Consumer Protection Act, and any other statute, which a Releasing Party had, has, may have, or which any other Person had, has, or may have through a Releasing Party (whether by operation of law, assignment, or subrogation) against a Released Party from the beginning of time through the Effective Date, based in whole or in part upon any act, omission, transaction, thing, matter, event or occurrence occurring or arising from the beginning of time through the Effective Date, or any consequence, effect, or result arising from any such act or omission, regardless of whether such consequence, effect, or result arises before or after the Effective Date (including, but not limited to, unknown injuries or unknown complications from known injuries) concerning any claim or allegation that has been or could have been asserted in the Action. This does not include claims by non-Sprint customers.

**1.43** **"Released Party"** means the Defendant and its Related Parties.

**1.44** **"Releasing Party"** means, individually and collectively, the Class Representative, Class Members, and their Related Parties, other than Class Members who have duly and timely excluded themselves from the Classes under the procedures in Section VII.

**1.45** **"Settlement Agreement"** means, individually and collectively, this Class Action Release and Settlement Agreement, including its terms, provisions, and exhibits; the settlement

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

59113-0070/LEGAL19964421.3

embodied by the Settlement Agreement, the Common Fund, Revisions to Identification Message, Notice Procedures, Claims Procedures; and any order concerning this agreement or the settlement embodied by this agreement including, but not limited to, the Preliminary Approval and Scheduling Order and the Judgment and Order of Final Approval.

1.46    **"Termination Right"** is described in Section XI, below.

1.47    **"Unknown Claims"** means any Released Claims that a Releasing Party does not know or suspect to exist in his, her, or its favor now or as of the Effective Date.  This includes but is not limited to, claims, which, if known by him, her, or it, might have affected his, her, or its settlement with, and release of, the Released Parties, and/or might have affected his, her, or its decision not to object to or request exclusion from this Settlement Agreement.  This includes those Released Claims that were unknown, unsuspected, and undisclosed, or those Released Claims that arise from facts discovered by a Releasing Party in addition to or different from those that the Releasing Party or Releasing Parties now know or believe to be true with respect to the subject matter of the Released Claims.

## II.    RECITALS

2.1    The Action was initiated on July 23, 2009 in the Superior Court of Washington for King County.  Sprint removed the matter under the Class Action Fairness Act; Ms. Palmer did not contest removal.  On September 2, 2009, Ms. Palmer filed an Amended Complaint for Damages, Injunctive, and Declaratory Relief, which is the operative complaint in the Action. Ms. Palmer and Sprint stipulated to the filing of a Second Amended Complaint, but Ms. Palmer never filed the Second Amended Complaint.  Ms. Palmer also presented Sprint with a draft Third Amended Complaint, which she also did not file or move to file.

2.2    Ms. Palmer has been a Sprint customer since 2003.  She alleges that Sprint made various telemarketing calls to her in 2006 and 2007 that used a pre-recorded solicitation message or an automatic dialing and announcing device, some of which were made after she requested not to receive telemarketing calls from Sprint.

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

59113-0070/LEGAL19964421.3

**2.3**    Based on these allegations, Ms. Palmer, the Class Representative, asserted claims against Sprint under the Washington Automatic Dialing and Announcing Device statute, the Washington Consumer Protection Act, and the federal Telephone Consumer Protection Act.  In her proposed but unfiled Third Amended Complaint, the Class Representative also asserted a claim against Sprint under the Washington Telephone Solicitation Statute.  The Class Representative is seeking monetary, declaratory, and injunctive relief.

**2.4**    Class Counsel have conducted a thorough investigation into the events underlying the claims asserted by the Class Representative including, but not limited to, reviewing and analyzing more than 2,500 pages of documents from Defendant and the vendor that Sprint used in part to conduct the telemarketing campaign and that targeted the Class Representative and other members of the Classes, propounding and reviewing responses to interrogatories and requests for admission directed to Sprint, and subpoenaing and reviewing documents from the Washington Attorney General Office, the Federal Communications Commission, and the Federal Trade Commission.

**2.5**    Class Counsel and Defendant's Counsel have engaged in extensive telephonic and in-person negotiations regarding this Settlement Agreement.  The Class Representative and Class Counsel believe that the allegations in the Complaint and their claims for relief have substantial merit and that Defendant's defenses are without merit.  The Class Representative and Class Counsel continue to affirm the allegations in the Complaint but recognize that Defendant sharply disputes their claims and that the ultimate outcome on the merits is uncertain.  The Class Representative and Class Counsel have also considered the length and expense of continued proceedings necessary to pursue the Action against the Defendant through trial and appeals.  Therefore, the Class Representative and Class Counsel desire to settle the Actions on the terms and provisions in this Settlement Agreement and believe it is fair, reasonable, and adequate, and in the best interests of the Class Representative and the Classes.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

**2.6**     Defendant believes that the allegations and claims in the Complaint are without merit and that its defenses have substantial merit. Defendant has denied and continues to deny the allegations in the Complaint. Defendant has asserted and continues to assert that the claims in the Complaint are inappropriate for class certification and that numerous individual issues predominate. Defendant, however, also recognizes that the Class Representative sharply disputes its defenses and that the ultimate outcome on the merits is uncertain. Defendant has also considered the length and expense of continued proceedings necessary to pursue the Action against the Class Representative through trial and appeals. Defendant is entering into this Settlement Agreement solely to avoid the continuing additional expenses, inconvenience, and distraction of the Action, without admitting any wrongdoing or liability and without waiving any defense or argument that it did or could have asserted in the Action. By doing so, Defendant desires to settle, compromise, and terminate with prejudice the Action and to put to rest forever all claims which have or could have been asserted, or which arise from or in any way concern the act, facts, transactions, occurrences, representations, or omissions alleged in the Complaint.

**2.7**     Despite its assertions that the claims in the Complaint are inappropriate for class certification and that numerous individual issues predominate, Defendant stipulates for the purposes of this Settlement Agreement to the definition of the Classes in paragraph 1.10 above; to Ms. Palmer serving as the Class Representative as defined in paragraph 1.15 above for the Class Members; and to Class Counsel as defined in paragraph 1.12 above serving as counsel to the Classes.

**2.8**     Defendant waives any and all objection to the Attorneys' Fees and Costs Award and Payment to the Class Representative as set forth above. Defendant acknowledges that the amount of the Attorneys' Fees and Cost Award is intended to reflect the reasonable and fair amount of attorneys' fees, expenses, and costs related to this Settlement Agreement.

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 10

59113-0070/LEGAL19964421.3

### III.   SETTLEMENT PURPOSES ONLY

**3.1**     Rule 408 of the Federal Rules of Evidence and the Washington Evidence Code, and similar provisions govern this Settlement Agreement.  It is for settlement purposes only. Neither the fact of, nor any term or provision contained in, this Settlement Agreement or its exhibits, nor any action taken under it shall constitute, be construed as, or be admissible in evidence as (1) any admission of the validity of any claim or fact alleged by the Class Representative and the Classes in this Action or any other pending or subsequently filed action; (2) evidence of any wrongdoing, fault, violation of law, or liability of any kind by the Defendant; (3) an admission by Defendant of any claim or allegation made in this Action or any action; nor (4) admission by the Class Representative, Class Members, or Class Counsel of the validity of any fact or defense asserted against them in the Action or any action.

### IV.   COMMON FUND AND IDENTIFICATION MESSAGE REVISION

**4.1**     In consideration for the dismissal of the Action with prejudice and the Releases in Section V, Defendant agrees that within ten days after the Effective Date, it shall deposit a total of five and one-half million dollars ($5,500,000.00) into the Escrow Account for the benefit of the Class Members, Class Representative, and Class Counsel, less any amounts that have already been deposited into the Escrow Account for the purposes described in Sections 4.2(a) and (b).  This will be known as the Common Fund and, from the time of the deposit by Sprint, the Claim Administrator will be solely responsible for administering the Common Fund under this section and the Payment Protocol.  Any interest generated from the Common Fund shall remain in the Common Fund and the Escrow Account to be distributed consistent with this Settlement Agreement.

**4.2**     The Common Fund shall be distributed as follows:

      a.     First, to pay the cost of the Notice of Class Action Settlement and Final Settlement Hearing distributed according to Section VII, except for Sprint's costs for notifying current customers via billing inserts or billing mailers, which Sprint will independently pay;

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

59113-0070/LEGAL19964421.3

b.  Second, to pay Claims Administration Costs;

c.  Third, to pay the Payment to the Class Representative;

d.  Fourth, to pay the Attorneys Fees' and Costs Award;

e.  Fifth, to Class Members who make valid claims as specified under the Payment Protocol, and

f.  Sixth, any amount in the Escrow Account after paying valid claims and other payments as described above shall be a Cy Pres Fund, which shall be donated to the Legal Aid for Washington Fund. This Cy Pres Fund shall not be unclaimed property under the laws of Washington or any other state.

**4.3**   No right, title, or interest in the Common Fund transfers until the Effective Date, and any such right, title, or interest is subject to Sprint's right of reversion. Sprint shall pay no additional funds under this Settlement Agreement, except for its internal costs of notice as described above.

**4.4**   In addition, in consideration for the dismissal of this Action with prejudice and the Releases in Section V, Defendant agrees that within ten days after the Effective Date, it shall discontinue using the current version of the pre-recorded message heard when a consumer calls the toll-free number left by the pre-recorded identification message and instead replace the message with a message materially identical in language and meaning to the script attached as Exhibit 6.

## V.   RELEASED CLAIMS

**5.1**   This Settlement shall be the sole and exclusive remedy for any and all Released Claims against the Released Party and its Related Parties. The Class Representative and each Class Member (and each of their Related Parties) shall be permanently barred from initiating, asserting, or prosecuting Released Claims or any claims released under this Agreement.

**5.2**   On entry of the Judgment, the Class Representative, for herself and as the Class Representative (and her Related Parties), without any other action, fully, finally, and forever releases, relinquishes, and discharges the Released Party from the Released Claims. Without

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

59113-0070/LEGAL19964421.3

limiting the breadth of this release, the Class Members (and their Related Parties) who did not validly request exclusion from the Classes, regardless of whether the Class Members received a payment from the Common Fund or executed and delivered the Claim Form and Release, on behalf of themselves and their Related Parties, without any further action, shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Party from the Released Claims and, by operation of the Judgment, all of the Released Claims that any Releasing Party has or had against the Released Party shall be dismissed with prejudice.

**5.3**     Without suggesting or agreeing that the California Civil Code would apply to this release, the Releasing Parties expressly waive and release, on the Effective Date, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code which provides:

> Section 1542.  Certain Claims Not Affected by General Release.
> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Releasing Parties also expressly waive and release any and all provisions, rights, and benefits conferred on them by a statute, regulations, or ordinances of any other jurisdiction which has a statutory provision similar to Section 1542.

## VI.     PRELIMINARY APPROVAL AND SCHEDULING ORDER

**6.1**     As soon as reasonably practicable after executing this Agreement, Class Counsel and Defendant's Counsel shall jointly: (1) file the Settlement Agreement, including the attached exhibits, with the Court; (2) file a joint motion for preliminary approval of the Settlement Agreement with the Court; and (3) notify the Court of the filings and request entry by the Court, on the earliest date acceptable to the Court, of the Preliminary Approval and Scheduling Order, which shall be materially identical to the proposed order attached as Exhibit 2.

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

59113-0070/LEGAL19964421.3

**6.2**    Within 10 days of this joint filing, Defendant shall provide the CAFA Notification to the Appropriate State officials (as defined under the relevant statute) for each state in which a Class Member resides and to the Appropriate Federal official (as defined under the relevant statute).

## VII.    NOTICE PROCEDURES AND CLASS MEMBER EXCLUSION

**7.1**    After the Court enters the Preliminary Approval and Scheduling Order, the Claims Administrator will provide published Notice to the Classes by a form materially identical to the Notice of Class Action Settlement and Final Settlement Hearing attached as Exhibit 4, and in accordance with the publication plan described in the Declaration of Jeanne Finegan being filed with the Joint Motion for Preliminary Approval.  The Claims Administrator will provide this short form Notice according to the parties' Notice plan not later than 70 days after the Order Granting Preliminary Approval of the Settlement is entered.  The Claims Administrator will also provide notice by email to former Sprint customers and by mail to any Class Members identified by Sprint.

**7.2**    In addition, Sprint will provide a form materially identical to the Notice of Class Action Settlement and Final Settlement Hearing, attached as Exhibit 4, as a billing insert or billing addition to all of Sprint's current customers.  Sprint will provide this Notice not later than 70 days after the Order Granting Preliminary Approval of the Settlement is entered.  Sprint does not have any additional duty to ascertain the identities or addresses of Class Members.

**7.3**    Each of the published Notice, individual mailings, emails, and billing insert will refer potential Class Members to a website created and maintained by the Claims Administrator that will provide additional information about the settlement, including the long form Notice, attached as Exhibit 5, and permit Class Members to make claims by completing an on-line claim form.  The published Notice and billing insert will also provide Class Members with a telephone number, provided and maintained by the Claims Administrator for Class Members, to call for more information and to request a claim form or the long form Notice.

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 14

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

59113-0070/LEGAL19964421.3

**7.4**     A Class Member can request in writing to be excluded from the Class by mailing a letter to the Claims Administrator that is postmarked at least 30 days prior to the date scheduled by the Court for the Final Settlement Hearing.

**7.5**     At least fourteen days before the Final Settlement Hearing, Class Counsel will provide a declaration of the Claims Administrator to the Court, with a copy to Defendant's Counsel, attesting that the Claims Administrator disseminated the Notice consistent with this Settlement Agreement and detailing any written requests to be excluded from the Class.

**7.6**     Also at least 14 days before the Final Settlement Hearing, Sprint will provide a declaration to the Court, with a copy to Class Counsel, attesting that it disseminated Notice consistent with this Settlement Agreement.

**7.7**     Not later than 70 days from the date the Court enters the Preliminary Approval and Scheduling Order, Class Counsel shall cause to be posted on the website created and maintained by the Claims Administrator their Petition for Approval of Attorneys' Fees and Costs that they will request the Court award them.  The Petition will include documentation of all hours worked on this case by Class Counsel and will state that it will be updated as part of Class Counsel's memorandum to be filed in support of the Final Order and Judgment, which shall be filed no later than ten days before the Final Settlement Hearing.

## VIII.   OBJECTING TO THE SETTLEMENT

**8.1**     Any Class Member other than the Class Representative may object to this Settlement Agreement and to Class Counsel's request for attorneys' fees and costs by complying with the following procedures:

     a.     By the Objection Deadline, the Class Member must notify in writing the Court, Class Counsel, and Defendant's Counsel of his or her intent to appear at the Final Settlement Hearing and object.

     b.     The objecting Class Member's written objection must include:

          (1)     A heading referring to the Action as "*Sandra L. Palmer v. Sprint Solutions, Inc.*, Case No. 09-cv-01211 JLR";

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

59113-0070/LEGAL19964421.3

(2)     A statement of the Class Member's specific objection(s) to any matter before the Court relating to proposed approval of the class action settlement in this Action;

(3)     If the Class Member wants to appear at the Final Settlement Hearing, a statement that he or she intends to appear, and the grounds or specific reasons why the Class Member wants to appear and be heard;

(4)     Any documents or statements the Class Member wants the Court to consider at the Final Settlement Hearing; and

(5)     If the Class Member is represented by counsel, the counsel's name, address, and telephone number. If a Class Member hires an attorney, the attorney must file a notice of appearance with the Clerk of the Court and deliver a copy of this filing to Class Counsel and Defendant's Counsel before the Objection Deadline.

**8.2**     If an objection does not provide all the information listed in paragraph 8.1(b), is received after the Objection Deadline, or is not timely received at the correct addresses for Class Counsel and Defendant's Counsel by the Objection Deadline, it shall be invalid and will not be considered. A Class Member who complies with the requirements in paragraph 8.1 may appear *pro se* at the Final Settlement Hearing or may enter an appearance at the Final Settlement Hearing through counsel of his or her own choosing and at his or her own expense.

**8.3**     The Class Representative agrees that (1) the Settlement Agreement is fair and reasonable to the Classes and the Class Representative in her individual capacity, her capacity as a Class Member and as Class Representative, and (2) she does not and will not object to the Settlement Agreement and waives any right she may have had to do so.

## IX.     FINAL SETTLEMENT HEARING AND JUDGMENT

**9.1**     At the Final Settlement Hearing, the Parties shall apply to the Court for entry of the Judgment and Order of Final Approval materially identical to the attached Exhibit 3 and providing the following:

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

59113-0070/LEGAL19964421.3

a.     Declaring that the Judgment binds all Class Members other than those who filed valid and timely requests for exclusion under paragraph 7.4;

b.     Finally approving this Settlement Agreement and finding its terms to be fair, reasonable, and adequate, and directing that the procedures for creating the Common Fund and Claims Administration begin;

c.     Approving the Payment to the Class Representative and the Attorneys' Fees and Expenses Award;

d.     Approving the Notice Procedures described in Section VII and the Claims Procedures in Section X and finding that the notice procedures complied with the United States Constitution, the Washington State Constitution, and any other applicable laws or rules;

e.     Directing the Claims Administrator to administer the Claims according to Section X of the Settlement Agreement and the Payment Protocol;

f.     Dismissing the Complaint on the merits with prejudice;

g.     Permanently barring the Class Representative and her Related Parties and all Class Members and their Related Parties, other than those who filed valid and timely requests for exclusion under paragraph 7.4, from asserting or prosecuting any claims against the Released Parties on any of the Released Claims;

h.     Declaring that the Class Representative and her Related Parties, without any further action, fully, finally and forever release, relinquish, and discharge the Released Parties from the Released Claims, and that, without limiting the breadth of this release, the Class Members and their Related Parties who did not validly request exclusion from the Class, regardless of whether the Class Members received a payment from the Common Fund or execute and deliver the Claim Form and Release, on behalf of themselves and their Related Parties, without any further action, shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Party from the Released Claims and, by operation of the Judgment, all of the Released Claims that any Releasing Party has or had against the Released Party shall be dismissed with prejudice;

i.     Ordering the Defendant and the Class Representative, on behalf of themselves and the Class, to assume responsibility for their own respective attorneys' fees, expenses, and costs, except for the Attorneys' Fees and Costs Award;

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 17

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

59113-0070/LEGAL19964421.3

j      Stating that the Class Representatives, Classes, and Class Counsel shall not and may not offer or seek to admit the Settlement Agreement into evidence or refer to it in any way (orally or in writing) in any proceeding other than the Action and/or a proceeding involving an effort to enforce the Settlement Agreement, including, but not limited to, an effort to enforce the release of the Released Claims;

k     Stating that the Settlement Agreement shall have no precedential, collateral estoppel, statute of limitations or *res judicata* effect against Defendant (or its respective Related Parties) in any matter or proceeding other than this Action or in a proceeding involving an effort to enforce the Settlement Agreement, including, but not limited, an effort to enforce the release of the Released Claims;

l.     Ordering the Claims Administrator, Defendant, Class Representative, Classes, and Class Counsel to comply with the Claims Procedures described in Section X; and

m.    Retaining continuing and exclusive jurisdiction to enforce the terms of this Agreement and the Claims Procedures described in Section X.

**9.2**    Memoranda in support of the request for entry of Judgment and Order of Final Approval shall be filed no later than 10 days before the Final Settlement Hearing.

## X.    CLAIMS PROCEDURES

**10.1**    The Claims Administrator will provide an on-line claim form with instructions that can be completed by a Class Member at the website referenced in paragraph 7.3, infra, and also will mail upon request an original Claim Form, attached as Exhibit 1, which will include its Instructions to Class Members with the Notice of the Settlement as described in paragraph 7.1 above.

**10.2**    Neither Defendant nor the Claims Administrator shall have any obligation to provide the Notice of the Settlement, the Instructions, and the Claim Form to any member of the Class in any manner other than as described in paragraphs 7.1 through 7.3 above.

**10.3**    Members of the Classes must timely submit a properly completed, signed, and postmarked original Claim Form or a completed online Claim Form to make a claim under this Settlement. The form submitted must be the original Claim Form attached at Exhibit 1.

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**10.4** Class Members must postmark a hard copy completed Claim Form or submit a complete online Claim Form before the Claims Deadline, which as defined above, is 30 days after the Final Settlement Hearing. No Person may make a claim to, or receive any monetary compensation under this Settlement Agreement, unless the Person is a Class Claimant and complies with these Claims Procedures.

**10.5** A submitted Claim Form must satisfy the following conditions to be valid: (1) the Claim Form must provide all the information requested; (2) the Claim Form (and the included Release of Claims) must be duly executed and dated by the Class Member submitting the Claim Form; (3) if the Person executing the Claim Form is acting in a representative capacity because the Class Member is incapacitated, the Claim Form must be accompanied by a statement or other documentation affirming the authority of that Person to act on behalf of, and to bind, the Class Member; and (4) the completed Claim Form must be postmarked or submitted online no later than the Claims Deadline. If a mailed Claim Form is not dated, but the envelope in which the Claim Form was mailed to the Claims Administrator has a valid and readable postmark, then the Claim Form will not be rejected for lack of a date.

**10.6** A Class Member may not assign or otherwise transfer to any other Person the right to make a claim under the Settlement Agreement in this Action.

**10.7** Once received by the Claims Administrator, a Claim Form shall be deemed submitted to the Claims Administrator in accordance with these provisions if mailed by first class U.S. Mail and postmarked with a date on or before the Claims Deadline.

**10.8** By submitting a Claim Form, each Class Claimant submits himself, herself, or itself to the jurisdiction of the Court for the purpose of asserting a claim to monetary compensation under the Settlement Agreement in this Action, and each Claim Form will be subject to examination, investigation, and final determination by the Claims Administrator as to a Class Claimant's entitlement to monetary compensation under this Settlement Agreement.

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**10.9**   The Claims Administrator will review each properly and timely submitted Claim Form and the amount of monetary compensation, if any, will be determined, in good faith, by the Claims Administrator according to the Payment Protocol.

**10.10**   Before processing the Claim Forms, Class Counsel and Defendant's Counsel shall have an opportunity to review the processes developed by the Claims Administrator for administering the Claims Procedures.

**10.11**   The Claims Administrator shall report to Class Counsel and Defendant's Counsel on a reasonable basis regarding the progress of claims review and administration.

**10.12**   If any issue arises regarding whether or the extent to which a Class Claimant is entitled to monetary compensation under this Settlement Agreement, Defendant and Class Counsel shall make every effort to resolve the matter by agreement and in good faith under the Payment Protocol.  If Defendant and Class Counsel are unable to resolve the matter by agreement, Defendants or Class Counsel may request that the Court resolve the matter.

**10.13**   Under no circumstances shall Defendant, its Related Parties, the Claims Administrator, its authorized agents, or any person affiliated with Defendant or acting on Defendant's behalf have any liability to a Class Member relating to the performance of the duties of claims review and administration required under this Settlement Agreement and the Judgment, except as expressly provided in this Settlement Agreement.  No Person, including the Class Representative and members of the Classes, shall be permitted to commence a cause of action regarding such matters.  Any issue regarding the performance by Defendant and/or the Claims Administrator of duties under this Settlement Agreement or the Judgment may be raised only by motion to the Court under its continuing and exclusive jurisdiction over the Action.

**10.14   Initial Eligibility Rules:**  To be eligible for monetary compensation under this Settlement Agreement, a Class Claimant must be a Class Member and meet the criteria specified in the Payment Protocol.

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 20

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**10.15**  If the Claims Administrator determines that a Class Claimant satisfies the criteria specified in the Payment Protocol, then the Claims Administrator shall determine whether the Class Claimant is entitled to monetary compensation under the Settlement based on the rules in the Payment Protocol.

## XI.    TERMINATION RIGHT

**11.1**  Except if Defendant, Class Representative, or Class Counsel exercises this Termination Right, this Settlement Agreement may be terminated only by the written, mutual agreement of the Class Representative, Class Counsel, and Defendant.

**11.2**  Defendant, in its sole and absolute discretion, or the Class Representative and Class Counsel, in their sole and absolute discretion, shall have the option to terminate this Settlement Agreement by giving written notice to the other Party and the Court at any time before the Effective Date if any one or more of the following occurs:

a.    The Court does not enter the Preliminary Approval and Scheduling Order identical to the attached Exhibit 2, unless the Parties agree otherwise; or

b.    The Court does not enter the Judgment identical to the attached Exhibit 3, unless the Parties agree otherwise; or

c.    There is a Court Disapproval, or any court in any way:

(i)    Changes, modifies, reverses, vacates, or orders such changes or modification of the Preliminary Approval and Scheduling Order, the Notice, the Notice Procedures, the Claims Procedures, and/or the Judgment, regardless of the materiality of the change or modification; or

(ii)    Makes any other change or modification or orders any other change or modification that would result in a change or modification of the Settlement Agreement, regardless of the materiality of the change or modification, unless the Parties agree otherwise; or

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 21

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

59113-0070/LEGAL19964421.3

   d.     Any court in any way changes or modifies the payments or other forms of compensation under this Settlement Agreement, including, but not limited to, the amount of the Attorneys' Fees and Costs Award; or

   e.     The Effective Date does not occur within 365 days after the Parties first file this Settlement Agreement with the Court.

**11.3**  The Parties intend for the Termination Right to be exercised in good faith and only in the event of material changes or modifications to this Settlement Agreement.

**11.4**  If a Party terminates this Settlement Agreement, it shall become null and void, and it and all negotiations and proceedings relating to it shall be without prejudice to the rights of any and all the Parties, who shall be restored to their respective positions existing before the execution of this Settlement Agreement, except that all deadlines in the Action shall be reset. Also, the terms and provisions of this Settlement Agreement, except this paragraph and any other paragraph that states that it shall survive termination or Court Disapproval, shall have no further force and effect with respect to the Parties and shall not be used or referred to in the Action or in any other proceeding for any purpose.  Any judgment or order entered by the Court under this Agreement (except for the Preliminary Approval and Scheduling Order that vacated any deadlines in the Action) shall be treated as vacated, *nunc pro tunc.*

## XII.   MISCELLANEOUS PROVISIONS

**12.1   Statement of Compromise.**  Each Party acknowledges and stipulates that the compromise and settlement forming the basis of this Settlement Agreement have been arrived at after thorough bargaining and negotiation and represent a final mutually agreeable compromise of these matters.  Class Representative and Class Counsel further acknowledge that they may later discover facts in addition to or different from those which they now know or believe to be true with respect to matters encompassed by the Action or this Settlement Agreement, but that it is the intention of each Party to fully, finally, and forever settle the matters provided by this Settlement Agreement, notwithstanding the discovery or existence of any such additional or different facts.

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 22

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

59113-0070/LEGAL19964421.3

**12.2    Effect of Court Disapproval.** In the event of a Court Disapproval, the Parties shall use their best efforts to repair deficiencies to obtain Court approval.  These best efforts shall not require Sprint to pay any sums other than those provided in this Settlement Agreement.  In the event these best efforts are unsuccessful, 60 days after the Court Disapproval, this Settlement Agreement shall become null and void, and the Action shall revert to its status immediately before the execution of this Settlement Agreement.  If that happens, the Parties shall jointly move that any and all orders entered under to this Settlement Agreement be vacated and shall proceed with the Action as if this Settlement Agreement had never been executed.  If, however, the Parties, within 15 days of Court Disapproval jointly elect to appeal or seek review of the Court Disapproval, this Settlement Agreement shall not be null and void until the Court Disapproval becomes final after the Parties' appeal or request for review results in a reversal, withdrawal, or overturning of the Court Disapproval.  If the Settlement Agreement is determined to be null and void, the Parties shall not refer to the fact and terms of this Settlement Agreement to establish liability or support the Parties' substantive positions in the Action, and any and all funds paid, less actual expenses incurred by the Claims Administrator, shall be returned to Sprint.

**12.3    Washington Law.** The rights and obligations of the Parties are to be construed, interpreted, and enforced solely according to the laws of the State of Washington without giving effect to any conflict of laws principles.  The Parties agree that any judicial proceeding arising out of or resulting from this Settlement Agreement or its breach shall be filed only in the U.S. District Court for the Western District of Washington in Seattle.

**12.4    Execution in Counterparts.** This Agreement may be executed in one or more counterparts and delivered by facsimile or email to counsel.  All executed counterparts, including those delivered by facsimile or email, shall be deemed to be one and the same instrument.  A facsimile or email copy shall be considered an original for all purposes.

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 23

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

59113-0070/LEGAL19964421.3

**12.5    No Admission.** The Parties specifically understand and stipulate that (1) nothing in this Settlement Agreement or in its negotiation are an admission by any of the Parties or Released Parties for any purpose, and (2) the Parties and the Released Parties all deny liability for the allegations in the Action.  Plaintiff also understands that this Settlement Agreement has been made for business reasons.  Nothing in this Settlement Agreement is to be construed as Sprint agreeing that this case was appropriate for class action status or certification.  This provision shall survive the termination or voiding of the Settlement Agreement.

**12.6    Modifications Only in Writing and Authorization of Class Counsel.**  This Settlement Agreement may be amended or modified only in writing and signed by all Parties (or their assignees or successors-in-interest), Class Counsel, and Defendant's Counsel, except that Plaintiff, individually and as Class Representative, expressly authorizes Class Counsel to (1) take all appropriate actions required or permitted by the Class under this Settlement Agreement, and (2) enter into modifications or amendments on behalf of the Class as Class Counsel deem appropriate.  This Settlement Agreement reflects the entire agreement of Plaintiff, the Classes, and Sprint and supersedes all other oral statements or written documents.

**12.7    Integrated Agreement.**  The attached Exhibits are material parts of this Settlement Agreement and are fully incorporated by reference.  This Settlement Agreement and its Exhibits are the entire, fully integrated agreement among the Parties and supersedes all other written and unwritten agreements and understandings regarding settlement of the Action.

**12.8    Severability.**  If any part of this Settlement Agreement is, for any reason, held illegal, invalid, or unenforceable, it shall not affect any other part of this Settlement Agreement and this Settlement Agreement shall be construed and enforced as if the illegal, invalid, or unenforceable part had not been contained in the Settlement Agreement.

**12.9    Legal Representation.**  The Parties acknowledge that they have been represented by qualified legal counsel in connection with the Action and the negotiation,

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 24

drafting, and execution of the Settlement Agreement. The language used in this Settlement Agreement is language chosen by all Parties to express their mutual intent, and no rule of strict construction against any Party will apply to any part of this Agreement.

    **12.10   Approval Procedure.** The Parties reserve the right, by agreement and subject to the Court's approval, to grant reasonable extensions of time that might be necessary to carry out this Settlement Agreement. All applications for Court approval or orders required under this Settlement Agreement shall be made on notice to Class Counsel and Defendant's Counsel.

    **12.11   Court Jurisdiction.** This Settlement Agreement and its administration shall be under the authority of the Court, which shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release. The Court expressly retains jurisdiction to enter orders as may be necessary for administering and implementing the Settlement Agreement, including, but not limited to, orders enjoining Class Members from prosecuting or otherwise pursuing Released Claims.

    **12.12   Litigation Expenses.** Each of the Parties shall bear his, her, or its own expenses related to the Action, except as otherwise provided in this Settlement Agreement.

    **12.13   Cooperation and Commercially Reasonable Efforts.** The Parties agree to cooperate in executing documents and pleadings reasonably necessary to obtain approval of and to implement this Settlement Agreement. The Parties also agree to use commercially reasonable efforts to perform all terms of this Agreement.

    **12.14   Counting Days.** Unless otherwise noted, all periods of time in this Settlement Agreement are calendar days, not business days. If a period of time in this Agreement expires on a weekend or legal holiday, the period shall be extended to the next business day.

    **12.15   Effective Date of the Agreement.** This Settlement Agreement has been executed by the Parties below, but is deemed entered into as of the date set forth below.

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 25

59113-0070/LEGAL19964421.3

12.16  **Unenforceable Until Full Execution.** This Settlement Agreement is not enforceable until executed by each of the Parties below.

The parties enter into this Settlement Agreement this ____ day of _____, 2011.

SANDRA L. PALMER

*Sandra L Palmer*

SPRINT SOLUTIONS, INC.

By: _____

   Jerry B. Adriano

Title:  Vice-President Customer Experience,
     Telesales & Base Management Outreach

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 26

59113-0070/LEGAL19964421.3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**12.16   Unenforceable Until Full Execution.**  This Settlement Agreement is not enforceable until executed by each of the Parties below.

The parties enter into this Settlement Agreement this _13th_ day of _April_, 2011.

SANDRA L. PALMER

SPRINT SOLUTIONS, INC.

_____

By: _Jerry B Adriano_____
       Jerry B. Adriano

Title:   Vice-President Customer Experience,
            Telesales & Base Management Outreach

SETTLEMENT AGREEMENT
(No. 09-cv-01211 JLR) – 26

59113-0070/LEGAL19964421.3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000