THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA PALMER,<br><br>    Plaintiff,<br><br>v.<br><br>SPRINT SOLUTIONS, INC.<br><br>    Defendant. | No. 09-cv-01211 JLR<br><br>[PROPOSED] JUDGMENT AND ORDER OF FINAL APPROVAL<br><br>NOTE ON MOTION CALENDAR:<br>October 21, 2011 |

  THIS MATTER came before the Court on the Parties' Motion for Final Approval of the Settlement Agreement and for Entry of a Final Order and Judgment concluding this action.

  The Court, having considered the arguments of the parties, the papers submitted in support thereof and objections thereto presented at the Final Settlement Hearing on October 21, 2011, and all other matters properly before the Court, hereby ORDERS:

  1. Except as specifically noted below, the Court for purposes of this Order adopts the definitions set forth in the Parties' Settlement Agreement, attached as Exhibit A to the Parties' Joint Motion for Preliminary Approval, Dkt No. 61-1. All capitalized terms in this Order shall have the same meaning as in the Agreement.

09-CV-01211-JGM

[PROPOSED] JUDGMENT AND ORDER OF FINAL
APPROVAL (No. 09-cv-01211 JLR) – 1



## I. JURISDICTION

2. This Court has jurisdiction over the subject matter of this Action and over all Parties to the Settlement Agreement, including all Class Members, except those who timely and validly requested exclusion under the Settlement Agreement.

## II. FINAL CERTIFICATION OF CLASSES

3. The Classes, which the Court provisionally certified on June 13, 2011, are hereby finally approved. They are:

    a. Individual, non-government, and non-business Sprint customers from July 23, 2005 to the date the Court grants preliminary approval of this settlement who, while Sprint customers, resided in Washington State and received from Sprint directly or from its agents one or more commercial telephone solicitations that used an automatic dialing and announcing device. This subclass does not include Sprint employees.

    b. Individual, non-government, and non-business Sprint customers from July 23, 2005 to the date the Court grants preliminary approval of this settlement who, while Sprint customers, resided in Washington State and received from Sprint directly or from its agents one or more commercial telephone solicitations less than one year after advising Sprint or its agent that he or she did not wish to be called again by Sprint. This subclass does not include Sprint employees.

    c. Individual, non-government, and non-business Sprint customers from July 23, 2005 to the date the Court grants preliminary approval of this settlement who, while Sprint customers, resided in the United States and received from Sprint directly or from its agents one or more commercial telephone solicitations more than 30 days after making a Sprint-specific internal Do Not Call request by advising Sprint or its agent that he or she did not wish to be called again by Sprint. This subclass does not include Sprint employees.



4. A list of those Class Members who have timely and properly requested exclusion from the Classes is appended to this Judgment and Order of Final Approval as Attachment A. The Defendant, the Related Parties, and the Judge to whom this case is assigned and any immediate family members thereof are also excluded.

5. For purposes of the settlement of this action (and only for such purposes without an adjudication of the merits), the Court finds that the requirement of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable laws have been met. The Court finds:

5.1 Each Class consists of up to thousands of Class Members from throughout Washington State and the United States. The Class Members are so numerous that their joinder before the Court would be impracticable.

5.2 In each Class, there are several questions of fact and law common to Class Members. For the subclass described in 3(a) above: whether the message in question was a commercial solicitation, (2) whether the solicitations violated Washington law, (3) whether applicable Washington law is preempted by the federal TCPA. For the subclass described in 3(b) above, involving claims by Washington state residents under the Washington Telephone Solicitation Act: (1) whether an individual had requested that calls not be made; (2) whether further calls were made to the individual; (3) how many calls were made in the 12-month period following a request not to be called, and (4) whether the calls made were for purposes of solicitation. For the subclass described in 3(c) above: (1) whether and how many calls were made to the class member after asking to be on Sprint's internal Do Not Call list; (2) whether the class member had in fact requested that Sprint not call them for telemarketing purposes; and (3) whether the calls were made more than 30 days after the individual made the request. All of these questions of law and fact are common to members of the Classes and FRCP 23(a)(2)'s commonality requirement is fully satisfied

[PROPOSED] JUDGMENT AND ORDER
OF FINAL APPROVAL (No. 09-cv-01211 JLR) – 3

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

5.3 In each Class, the claims of the named plaintiff are typical of the Class. The pre-recorded message she claims she received was identical to a message received by other members of the subclass. Also, her claims that she asked Sprint or its agent to not call her again and within one year of that request received further calls, including some she received more than 30 days after she requested that she not be called again, are typical of the Class.

5.4 Plaintiff and her counsel have fairly and adequately protected the interests of the classes. Plaintiff was aware of the issues and facts that are the basis of the class claims, cooperated in providing discovery responses as requested by Sprint, was deposed by Sprint, and participated in the mediation. Plaintiff's counsel diligently pursued her claims and is experienced in class action litigation, particularly in the area of claimed violations of the Telephone Consumer Protection Act and its Washington State counterparts.

5.5 In each Class, the resolution of this action in the manner proposed in the Agreement is superior to other available methods for a fair and efficient adjudication of the action and the common issues predominate over individual issues. Class members do not have interests in individually controlling the prosecution of separate additions, there is no other litigation pending concerning the controversy, it is desirable to concentrate the litigation of the claims in this forum, and management of this class action will be both efficient and effective. Class treatment will facilitate the resolution of all Class Members' claims. The Claims Administration process will identify and resolve complaints without burdening the courts or regulators and will provide a substantial benefit to Class Members. The use of the class action device will offer a more efficient and fair means of adjudicating the claims at issue, conserve judicial resources, and promote consistency and efficacy of adjudication by avoiding multiple individual suits or piecemeal litigation.

6. In making these findings, the Court has considered: (a) the interests of the Class Members in individually controlling the prosecution of the defense or defense of separate actions; (b) the impracticability or inefficiency of prosecuting or defending separate actions;



(c) the extent and nature of any litigation concerning these claims already commenced; and

(d) the desirability of concentrating the litigation of the claims in a particular forum.

### III. FINAL APPROVAL OF NOTICE

7. The Notice of Provisional Class Certification and of Preliminary Approval of the Settlement given pursuant to the Court's preliminary order of approval, dated June 13, 2011, Dkt No. 73 fully complied with Fed. R. Civ. P. 23 (b)(2)(B) and 23(e)(1)(B), the Washington State Constitution, and the United States Constitution.

8. The form and means of this Notice provided individual notice to all Class Members who were individually identifiable with reasonable efforts and provided the best notice practicable under the circumstances to all other potential members of the Classes.

9. The means of notice were reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this class action, (ii) their right to exclude themselves from the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class; the fairness, reasonableness or adequacy of the proposed settlement; the adequacy of the Class's representation by Plaintiff or Class Counsel, and the award of attorneys fees and costs and the award to the Class Representative); (iv) if they did not exclude themselves from the Class, their right to appear and the Final Settlement Hearing (either on their own or through counsel); and (v) the binding effect of the orders and Final Order and Judgment in this action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class.

10. The means of notice were reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice.

11. The Parties have complied with the necessary notice under the Class Action Fairness Act, 28 U.S.C. § 1712.

[PROPOSED] JUDGMENT AND ORDER
OF FINAL APPROVAL (No. 09-cv-01211 JLR) – 5



### IV. FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

12. The agreement of the Parties set forth in the Settlement Agreement, attached as Exhibit A to the Parties' Joint Motion for Preliminary Approval, is now hereby approved as fair, reasonable, and adequate to all Class Members, pursuant to the Federal Rules of Civil Procedure, the United States Constitution, the Washington State Constitution, and any other applicable laws.

13. The Court finds this based on the following factors: (i) there was no fraud or collusion underlying the settlement and it was reached after good faith and arms-length negotiations, warrant a presumption in favor of approval; (ii) the complexity, expense, and likely duration of the litigation favors settlement, which provides meaningful benefits on a much shorter timeline and less expensive basis than otherwise possible; (iii) the Parties had developed a sufficient factual records to evaluate their chances of success at trial and the proposed settlement; (iv) the participation of Class Counsel, who are skilled in class action litigation such as this and the Plaintiff, who participated in the litigation, support approval; (v) the settlement provide meaningful relief to Class Members; and (vi) the positive response of the Class, as seen in a very small number of opt-outs and objections, favors final approval.

14. The Court has considered any objections and hereby overrules any objections.

15. In accordance with this Final Approval, the Court directs the Claims Administrator to administer the Claims according to Section X of the Settlement Agreement and the Payment Protocol, which is attached as Exhibit 7 to the Settlement Agreement.

16. The Court also directs the Parties, to the extent they have not already done so, to fund the Escrow Account in accordance with the terms of the Settlement Agreement.

### V. AWARD OF ATTORNEYS' FEES AND INCENTIVE PAYMENT

17. Pursuant to the Plaintiff's Motion for Attorneys Fees and Costs, the Court hereby approves an award of Class Counsel attorneys' fees and costs of $~~1,650,000.00~~ 1,540,000 to be paid in the manner provided in the Settlement Agreement. This award is not a liability of Defendant except



[PROPOSED] JUDGMENT AND ORDER
OF FINAL APPROVAL (No. 09-cv-01211 JLR) – 6



as provided in the Settlement Agreement. The Defendant and the Class Representative shall assume responsibility for their own attorney's fees, expenses, and costs, except for this award.

18. The Court further hereby approves an incentive payment of $~~20,000.00~~ 17,500.00 to the Plaintiff to be paid as provided in the Settlement Agreement. This payment is not a liability of Defendant except as provided in the Settlement Agreement.

## VI. DISMISSAL AND BARRING OF CLAIMS

19. This Action is hereby dismissed on the merits and with prejudice and the Release contained in the Agreement is effective as of the date of this Final Order and Judgment and forever discharges the Released Parties from the Released Claims.

20. All Class Members, except those who timely and validly requested exclusion, are bound by this Order and are forever barred from instituting, maintaining, or prosecuting any of the Released Claims against the Defendant of its Related Parties. The Class Representative, Class Members, and their Related Parties, without any further action, fully, finally and forever release, relinquish, and discharge the Released Parties from the Released Claims, and without limiting the breadth of this release, the Class Members and their Related Parties who did not validly request exclusion from the Class, regardless of whether the Class Members received a payment from the Common Fund or execute and deliver the Claim Form and Release, on behalf of themselves and their Related Parties, without any further action, have fully, finally, and forever released, relinquished, and discharged the Released Party from the Released Claims and, by operation of the Judgment, all of the Released Claims that any Releasing Party has or had against the Released Party shall be dismissed with prejudice.

21. Neither the Settlement Agreement, nor any of its attachments, terms, or provisions, nor any document executed pursuant to it, nor any other act taken to negotiate or carry it out, shall be construed as or raise any presumption or inference of a concession or admission, or a waiver of any right, claim, or defense of any party to it or any Class Member, except insofar as such rights, claims, or defenses are expressly released or discharged by this

[PROPOSED] JUDGMENT AND ORDER
OF FINAL APPROVAL (No. 09-cv-01211 JLR) – 7


WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Order. The Agreement shall have no precedential, collateral estoppel, statute of limitations or *res judicata* effect against Defendant (or its respective Related Parties) in any matter or proceeding other than this Action or in a proceeding involving an effort to enforce the Settlement Agreement, including, but not limited, an effort to enforce the release of the Released Claims.

22. Neither the Settlement Agreement, nor any of its attachments, terms, or provisions, nor any document executed pursuant to it, nor any other act taken to negotiate it or carry it out shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in any proceeding to enforce the terms of the Settlement Agreement.

## VII. RETENTION OF JURISDICTION

23. The Court retains continuing and exclusive jurisdiction over the Parties to the Settlement, including all Class Members, for purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement. This does not affect, in any way, the finalization of this Final Order and Judgment.

## VIII. ENTRY OF JUDGMENT

24. This is a final judgment disposing of all claims and parties. The Court directs the Clerk to immediately enter this Final Order and Judgment.

DATED this 21ST day of October, 2011.

_____
THE HONORABLE JAMES L. ROBART
United States District Judge

[PROPOSED] JUDGMENT AND ORDER
OF FINAL APPROVAL (No. 09-cv-01211 JLR) – 8

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Presented by:

*s/ Rob Williamson*
Rob Williamson, WSBA #11387
Kim Williams, WSBA #9077
**Williamson & Williams**
17253 Agate Street NE
Bainbridge Island, WA. 98110
Phone: (206) 780-4457
roblin@williamslaw.com
kim@williamslaw.com

*Attorneys for Plaintiff*
*Sandra Palmer*



# Attachment A

*Palmer v. Sprint Solutions, Inc.*
Timely Exclusions Received as of September 29, 2011

| GCG ID No | Name | City | State |
|---|---|---|---|
| 658 | CAROL PALMER | FOREST HILL | NY |
| 2386 | JOYCE H FLANAGAN | CANTON | GA |
| 2390 | ROBERT S BURKHARD | SPARTANBURG | SC |
| 2391 | PRISCILLA MAESTAS | SAN DIEGO | CA |
| 4291 | MELINDA ARBALLO | LAS VEGAS | NV |
| 5579 | JESSE GRANT MACLURE | CHUBBUCK | ID |
| 8253 | CHARLES GONZALES | BOISE | ID |
| 13190 | SAMANTHA BURDEN | GOOSE CREEK | SC |
| 13198 | GUSTAVO OCHOA | CHANNELVIEW | TX |
| 13210 | CINDY LINDENMAN | HAWTHORNE | CA |
| 18215 | DAVID MITCHELL LUKE | TALLAHASSEE | FL |
| 18315 | COLIN N VICKERS | FULSHEAR | TX |
| 18321 | DAVID BARNES | SAN FRANCISCO | CA |
| 18323 | BRUCE THOMAS ROENSCH | SIMPSONVILLE | SC |
| 20923 | JAN M HEATH | N FORT MEYERS | FL |
| 20924 | LINDA ARIZMENDEZ | BOVINA | TX |
| 20926 | TERRY A PINKERTON | SIOUX FALLS | SD |
| 20928 | LAURA E ROGERS | SANTA ROSA | CA |
| 20932 | DAVID J AUSTIN | SANDY | UT |
| 20934 | MICHELLE LYNN GAMACHE | BALLWIN | MO |
| 20937 | LATOYA JOHNSON | MONTGOMERY | AL |
| 20940 | JENNIE P MARTINEZ | MONTEBELLO | CA |
| 20946 | LILY L TAING | COPPERAS COVE | TX |
| 20948 | JASON PIRGA | SAN DIEGO | CA |
| 20951 | YEECHEN LEONG | PLEASANTON | CA |
| 20952 | SONIA BENEDICT | PENDLETON | OR |
| 21562 | TOMOKO YAMAGUCHI | HOUSTON | TX |
| 21564 | RAMON PRECIADO | LOS ANGELES | CA |
| 21568 | CHRISTOPHER HEMMER | CLOVIS | NM |
| 22472 | JEREMY SHEAR | HENDERSON | NY |
| 22483 | ERIKA PENECALE | LAREDO | TX |
| 22489 | CASSANDRA ESTES | CHICAGO | IL |
| 22491 | BECKY SCHANZ | CHICAGO | IL |
| 22493 | ETHEL BERNEZ HODGE | HORN LAKE | MS |
| 23072 | VANNESSA GARRETT | LOS ANGELES | CA |
| 23073 | MARY E HATFIELD | ANNAPOLIS | MD |
| 23570 | CARL NELSON | INDIANAPOLIS | IN |
| 23849 | MARIA ALEMAN | RUSSELLVILLE | AR |
| 24458 | KRISTEN JOHNSON | FORT LUPTON | CO |
| 24683 | JAMES DETWEILER | JBER | AK |
| 24684 | ERNESTINA SALINAS | LA BLANCA | TX |
| 24990 | BARBARA WEST | GOODYEAR | AZ |
| 25510 | MICHAEL VINCENT | DOUGLASS | KS |
| 25938 | GLADYS MCLEAN | RAEFORD | NC |
| 25939 | TRACY SISCO | CIBOLO | TX |
| 25940 | ALLISON BATES | CORVALLIS | OR |

*Palmer v. Sprint Solutions, Inc.*
Timely Exclusions Received as of September 29, 2011

| GCG ID No | Name | City | State |
|---|---|---|---|
| 25942 | EVAN AND SYLVIA BAYLIS | ALEXANDRIA | VA |
| 26311 | KRISTINE SINRAM | LAVONIA | GA |
| 26314 | SARAH GRUNTMAN | DEARBORN | MI |
| 26316 | TRENT PERSHALL | BOTHELL | WA |
| 26511 | YVONNE WILSON | MILWAUKEE | WI |
| 26765 | ANA M CARRANZA | PHOENIX | AZ |
| 26766 | SCOTT D MASON | SAN FRANCISCO | CA |
| 26768 | LORRE W MASON | SAN FRANCISCO | CA |
| 26780 | SHARON THOMAS | MADISN | MS |
| 26816 | DONALD ROBERSON | PRESCOTT | AZ |
| 26817 | NANCY ROBERSON | PRESCOTT | AZ |
| 27101 | BEATRICE COATS | JACKSON | MS |
| 27103 | LEE SEYFFERT | TROY | MO |
| 27104 | VELA NELSON | MULBERRY | FL |
| 27105 | VIVIAN ALEXANDER | TORRANCE | CA |
| 27107 | GUILLERMO TORRES MEDEL | FRESNO | CA |
| 27234 | LYNN A DAHLBERG | ST AUGUSTINE | FL |
| 27332 | DEANETTE ROSE | BROOKLYN | NY |
| 27346 | LEONARD MCPETERS | GRANT | AL |
| 1135500 | MONSITA CORREA | VENICE | FL |
| 1515898 | CARROLL SPAFFORD | STEVENSVILLE | MI |
| 1827188 | ZULY COLINDRES | HOLLYWOOD | FL |
| 2405814 | NELSON GASPARIAN | WESTPORT | CT |
| 2642201 | LUIS BENEZARIO | BAYAMON | PR |
| 2854015 | SUZETTE BLACK | PHILADELPHIA | PA |
| 3343732 | NALINI PARAMASIVAM | NEW ALBANY | OH |
| 4016975 | CYNTHIA LEONARD | RIVERDALE | IL |
| 4383554 | BRIAN SHELBOURN | DULLES | VA |
| 4622485 | JAMES MORRISON | POTTSTOWN | PA |
| 4626487 | JONATHAN SATO | CAMPBELL | CA |
| 4840597 | ORLANDO R SANCHEZ | HIALEAH | FL |
| 5271825 | RICHARD BAUMANN | SEATTLE | WA |
| 5916934 | CHANDRASEKA RATHANAVEL | NEW ALBANY | OH |
| 6003883 | NICHOLAS DACOSTA | MIAMI | FL |
| 6310612 | JAMES M DAVIS, SR | ORIENT | OH |
| 6558717 | SHERI LIN | SAN JOSE | CA |
| 6607884 | GLEN GARGUS | OLATHE | KS |
| 6723876 | MELISSA PADILLA | JONESBORO | GA |
| 6774892 | AJOKE ADEBESIN | PASADENA | CA |
| 6809895 | ELLEN CONNER | WENATCHEE | WA |
| 6814330 | BEVERLY DEZARRAGA | SEAL BEACH | CA |
| 6872244 | MARY SMITH | SALEM | NJ |
| 6885835 | CONCETTA JOHNSON | NEWARK | NJ |
| 6888557 | VICTOR SAWELENKO | AGOURA HILLS | CA |
| 6971929 | JUSTIN ZIMMERMAN | HAINES CITY | FL |
| 6992229 | THANA LANGUEDOC | GRAND RAPIDS | MI |

*Palmer v. Sprint Solutions, Inc.*
**Timely Exclusions Received as of September 29, 2011**

| GCG ID No | Name | City | State |
|---|---|---|---|
| 6994797 | JON DAY | OVERLAND PARK | KS |
| 7174713 | PAUL KEESLEY | COLUMBIA | SC |
| 7185367 | LAURA KINNINGER DEANNE EALEY | SAN DIEGO | CA |
| 7310228 | JOHN BURDEN | GOOSE CREEK | SC |
| 7329085 | CHRIS PONCE | SALINAS | CA |
| 7334711 | JOSEPH MOTYKA | EVERETT | WA |