FILED

FEB 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA L. PALMER, <br><br>    Plaintiff - Appellee, <br><br> SPRINT NEXTEL CORPORATION, a Kansas corporation, <br><br>    Defendant - Appellee, <br><br> v. <br><br> RICARDO H. NIGAGLIONI, <br><br>    Objector - Appellant. | No. 11-35991 <br><br> D.C. No. 2:09-cv-01211-JLR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Ricardo H. Nigaglioni appeals pro se from the district court's judgment approving a class action settlement and attorney's fee award. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a determination whether to approve a class action settlement and an award of attorney's fees, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027, 1029 (9th Cir. 1998), and we affirm.

The district court did not abuse its discretion in approving an attorney's fees award in the sum of 28% of the gross common fund recovery. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002) (discussing the relevant factors and noting that 25% of common fund is a benchmark award); *see also Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000) ("We note that the choice of whether to base an attorneys' fee award on either net or gross recovery should not make a difference so long as the end result is reasonable.").

The district court did not abuse its discretion in approving an incentive payment to the class representative in light of the representative's work on behalf of the class. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) ("Incentive *awards* are fairly typical in class action cases. Such awards are discretionary and are intended to compensate class representatives for work done on behalf of the class . . . ." (citations omitted)).

The district court did not abuse its discretion by including a restriction on the assignment of class members' rights or by retaining jurisdiction to enforce the settlement agreement. *See Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007) ("[A] federal court has jurisdiction to enforce a settlement agreement in a dismissed case when the dismissal order incorporates the settlement terms, or the court has retained jurisdiction over the settlement contract."); *Portland Elec. & Plumbing Co. v. City of Vancouver*, 627 P.2d 1350, 1351 (Wash. Ct. App. 1981) (recognizing that assignability of rights may be prohibited by contract).

We reject as moot Nigaglioni's objection to the settlement's cy pres designation.

Plaintiff-Appellee's request for damages and costs under Federal Rule of Appellate Procedure 38 is denied.

**AFFIRMED.**